```
                        United States Bankruptcy Court
                        Eastern District of Pennsylvania
```

In re:                                                                  Case No. 19-15205-elf
Patrick L. Firestone                                                    Chapter 13
       Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4    User: Randi    Page 1 of 1    Date Rcvd: Feb 03, 2020
                Form ID: pdf900    Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 05, 2020.
```
db             +Patrick L. Firestone,    210 Haddon Drive,    Macungie, PA 18062-9264
14376352       +Tina Firestone,    6714 Lower Macungie Road, Apt. E1,    Trexlertown, PA 18087-9705
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

      ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 05, 2020                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 3, 2020 at the address(es) listed below:
```
              DAVID S. GELLERT    on behalf of Debtor Patrick L. Firestone dsgrdg@ptdprolog.net
              DAVID S. GELLERT    on behalf of Defendant Patrick L. Firestone dsgrdg@ptdprolog.net
              JOSHUA A. GILDEA    on behalf of Plaintiff   First Commonwealth Federal Credit Union
               jgildea@flblaw.com,    ccharlton@flblaw.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Town Center Bank c/o Triad Financial Services
               bkgroup@kmllawgroup.com
              SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM EDWARD CRAIG    on behalf of Creditor    Santander Consumer USA Inc. dba Chrysler Capital
               as servicer for CCAP Auto Lease Ltd. ecfmail@mortoncraig.com,
               mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                                             TOTAL: 7
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Patrick L. Firestone <br>     Debtor | CHAPTER 13 |
| Town Center Bank c/o Triad Financial Services <br>     Movant <br> vs. | NO. 19-15205 ELF |
| Patrick L. Firestone <br>     Debtor <br> Tina Firestone <br>     Co-Debtor | 11 U.S.C. Sections 362 and 1301 |
| Scott F. Waterman, Esquire <br>     Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is $6,171.50, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 21, 2019 to January 21, 2020 at $856.75/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$6,171.50** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of $6,171.50.

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $6,171.50 along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due February 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $856.75 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay. In the event of a third default pursuant to the terms of this Stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 21, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 1/27/2020

David S. Gellert, Esquire
Attorney for Debtors

Date: 1/28/2020

Scott F. Waterman, Esquire
Chapter 13 Trustee

**ORDER**

Approved by the Court this 3rd day of February, 2020. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank